## THE PATRICIA.

### UNITED STATES v. EGAN et al.
### Cr. 30069.

District Court, E. D. New York.

Nov. 15, 1932.

See also 50 F.(2d) 623 and 55 F.(2d) 306.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Arthur A. Kestler, of Brooklyn, N. Y., for claimant.

BYERS, District Judge.

The government has applied for an order directing the forfeiture of a bond given for the release of the boat Patricia, and judgment for the amount of the bond.

On or about November 1, 1931, the defendants above named were taken into custody and the Patricia was seized by the Coast Guard, in Gravesend Bay; the owner of the vessel procured its release pursuant to the provisions of section 26 of title II of the National Prohibition Act (title 27, U. S. C. § 40 [27 USCA § 40]), by filing a bond approved November 25, 1931.

The condition of the bond is that, if the owner of the boat (Brown), who was the principal, "shall return the aforesaid American Gas Yacht 'Patricia' to the custody of the officer approving this bond on the day of the criminal trial of the person or persons arrested at the time of the aforesaid seizure of the said vessel to abide the judgment of the Court, then this obligation to be void, otherwise to remain in full force and effect.

"And it is further agreed that in the event that the person or any of the persons arrested at the time of the aforesaid seizure plead guilty to a charge of transportation or possession which is incidental to transportation of intoxicating liquor contrary to the provisions of the National Prohibition Act, and the said American Gas Yacht 'Patricia' is returned to the custody of the officer approving this bond upon the date of said plea of guilty, then this obligation to be void, otherwise to remain in full force and effect.

"It is further agreed that in the event of the breach of the conditions of this bond that judgment upon this obligation shall be granted by the Court upon oral motion upon the day of said criminal trial or (sic) at the option of the United States Attorney for the Eastern District of New York or by any other appropriate action."

On or about March 9, 1932, the defendants above named pleaded guilty to the charge of transportation and were duly sentenced, but

the Patricia was not returned in accordance with the terms of the said bond or undertaking, the reason being that, on or about January 5, 1932, while the Patricia was at a point said to have been about 600 yards from the shore of Arverne, Long Island, off Rockaway Inlet, a Coast Guard vessel in that vicinity fired a tracer machine gun bullet at the Patricia, setting it on fire and causing it to sink.

Apparently the latter incident had to do with an arrest of the same defendants on that day, when the Patricia was observed by the Coast Guard and signalled to stop; it is said in the affidavit of an Assistant United States Attorney that she attempted to evade seizure and the Coast Guard picket boat was forced to fire upon her in order to prevent her escape, and that during the chase the Patricia caught fire and sank, and became a total loss.

The defendants were again apprehended and pleaded guilty to transportation of alcoholic liquors on the Patricia on January 5, 1932, and were sentenced in this court.

The owner and mortgagee of the Patricia oppose this motion, and ask that the United States be remitted to civil action upon the bond in order that the owner and mortgagee be accorded a day in court in behalf of their contention that the firing upon and sinking of the Patricia were the malicious act of the Coast Guard vessel beyond the requirements of the situation, and that the Patricia could have been overhauled and taken into custody as she had been on two prior occasions; the reason assigned for the sinking of the vessel in the opposing papers is that, when the Patricia was in custody at the time that the instant bond was given, her engines were removed by the Coast Guard and other engines were substituted, and that this was made the basis of a complaint to competent authorities, and that it became expedient for the Coast Guard to sink the vessel in order to destroy the evidence of the alleged wrong-doing.

This is a serious charge, and there is no way of determining whether it is made for the purpose of diverting attention from the strictly legal aspect of the situation, or because there is substantial basis for it.

Under familiar principles, if the United States by its wanton act has prevented the owner of the Patricia from performing the terms of his undertaking, by sinking the Patricia, the court to whom application is made for a judgment should be apprised of the true facts; on the other hand, if the vessel was employed in an unlawful calling and, as a necessary incident of that calling, has been destroyed, there would seem to be no reason why the United States should not have judgment upon the bond.

It becomes apparent that the truth ought to be brought to light, in justice to all concerned, and that a full and fair disclosure of the facts is the only medium through which this result fairly and legally can be brought about.

The government urges that the nature of the Patricia's activities on January 5, 1932, as disclosed by the second guilty plea made by the defendants, is a complete answer to the objections made to the granting of the motion.

It is thought that this does not dispose of the question, because the condition of the bond was not that the Patricia would refrain from rum running, but that she would be surrendered into custody when the defendants were called for trial. That condition could not be performed, for the reasons stated, but whether impossibility of performance was the fault of the owner, or the result of the wanton act of the United States government officers, cannot be known until the evidence is taken.

There is no affidavit of the commanding officer of the Coast Guard vessel, concerning the incidents of January 5, 1932, now before the court.

The motion will be denied, and the United States remitted to its action at law upon the bond. Settle order on two days' notice.